Justin Lo (SBN 280102)
justin@caworklawyer.com
Jarrod Y. Nakano (SBN 235548)
jarrod@caworklawyer.com
**WORK LAWYERS PC**
22939 Hawthorne Blvd., Suite 300
Torrance, CA 90505
Telephone: (310)248-2944
Facsimile: (424) 355-8335

Attorney for PLAINTIFF and the CLASS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RUBIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HP HOOD, LLC, a Delaware Limited Liability Company doing business in California; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-03621-AC<br><br>*Assigned for all purposes to United States Magistrate Judge: Hon. Alison Claire*<br><br>**AMENDED CLASS ACTION AND PAGA COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE § 226;**<br>(2) **VIOLATION OF LABOR CODE §§ 201-204, 558, 1194, 1197, and 1197.1;**<br>(3) **VIOLATION OF LABOR CODE §§ 201-204, 558, 1174, 1198, and 1199;**<br>(4) **VIOLATION OF LABOR CODE §§ 226.7 AND 512;**<br>(5) **VIOLATION OF LABOR CODE § 226.7;**<br>(6) **VIOLATION OF LABOR CODE § 2802;**<br>(7) **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*; AND**<br>(8) **VIOLATION OF LABOR CODE §2698, *ET SEQ.***<br><br>Complaint Filed:  November 12, 2024<br>Trial Date:           None Yet Set |

Plaintiff BENJAMIN RUBIO ("Plaintiff"), hereby submits his Class Action and PAGA Complaint against Defendants HP HOOD, LLC, a Delaware Limited Liability Company doing business in California; and Does 1-50 (hereinafter collectively referred to as "Defendants"), as an individual and on behalf of the Class of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to provide accurate, itemized wage statements, penalties and/or damages for failure to pay all minimum wages for hours worked, penalties and/or damages for failure to provide off-duty meal and rest periods, failure to reimburse business expenses, penalties under California Labor Code statutes, and restitution for unfair business practices in violation of *Business and Professions Code* § 17200, *et seq.*, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action against Defendants under: California *Labor Code* Sections 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, and 2802, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California *Business and Professions Code* § 17200, *et seq*.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code* and *Business and Professions Code* against employees of Defendants.

3. Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to keep accurate records, failing to pay minimum wages for all hours worked, failing to provide compliant meal and rest breaks, and failing to reimburse business expenses as to Plaintiff and the Class. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California *Labor Code*, *Business and Professions Code* and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

4. The policies, practices and customs of defendants described above and below have

1  resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that
2  routinely adhere to the strictures of the California *Labor Code* and California *Business and*
3  *Professions Code*.

**JURISDICTION AND VENUE**

5. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), because there is complete diversity of citizenship and more than $75,000.00, exclusive of interest and costs, at stake.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 generally and whereby a substantial part of the events and claims, the subject of this suit are situated here; and because Plaintiff worked for Defendants in this District.

**PARTIES**

7. On or about December 18, 2017, Plaintiff began working for Defendants as an hourly, non-exempt warehouse clerk. On or about January 13, 2024 Plaintiff's employment ended. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California *Labor Code* Sections 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, and 2802 and the applicable IWC Wage Orders, and the UCL.

8. Plaintiff is informed and believes and based thereon alleges that Defendants is a Delaware Limited Liability Company doing business in California, providing warehousing for can products.

9. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California *Labor Code* Sections 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, and 2802, the IWC Wage Orders and the UCL.

11. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason,

said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint ventures of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**CLASS ACTION ALLEGATIONS**

16. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of a class of all current and former non-exempt employees who worked for Defendants at any time from August 30, 2022 to the filing of this complaint, through the present, in the State of California (the "Class"). The Class also consists of the following additional class and subclasses:

    A. All current and former non-exempt employees who were paid "Nite Dif SM" and "Nite Dif SM" wages or were subjects to Defendants policies by Defendants at any time from four years prior to the filing of this complaint, through the present (the "Shift Differential Class");

17. Plaintiff and Class members were required to use their personal phones to communicate with supervisors and take document and take pictures of damaged products that needed to be replaced. Plaintiff and Class members would receive calls on his personal cellphone by the delivery drivers and assisted them by unloading the products. Plaintiff and Class members were required to drive from the warehouse to Defendants' main warehouse located several miles away to attend their monthly company meetings without reimbursement of mileage.

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants records, including payroll records. Plaintiff alleges that Defendants: (a) failed to provide accurate, itemized wage statements in violation of *Labor Code* § 226; (b) failed to pay minimum wages for all hours worked in violation of *Labor Code* §§ 558, 1194, 1197, and 1197.1; (c) failed to provide off-duty meal and rest breaks in violation of *Labor Code* §§ 226.7 and 512; (d) failed to pay all earned wages to employees in violation of *Labor Code* §§ 558, 1174, 1194, 1198, 1199, and the applicable IWC Wage Orders; (e) failed to reimburse business expenses in violation of *Labor Code* § 2802; and (f) engaged in Unfair Business Practices in violation of the UCL, the California *Labor Code*, including without limitation, California *Labor Code* §§ 226.7, 512, 558, 1194, 1197, 1197.1, and the applicable IWC Wage Orders.

19. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20. Defendants uniformly administered a corporate policy, practice of: (a) failing to provide accurate, itemized wage statements in violation of *Labor Code* Section 226; (b) failing to pay minimum wages for all hours worked in violation of *Labor Code* Sections 558, 1194, 1197, and 1197.1; (c) failing to provide off-duty meal and rest breaks in violation of *Labor Code* Sections 226.7 and 512; (d) failing to pay all earned wages to employees in violation of *Labor Code* Sections 558, 1174, 1194, 1198, 1199, and the applicable IWC Wage Orders; (e) failing to reimburse business expenses in violation of *Labor Code* § 2802; and (f) engaging in Unfair Business Practices in violation of the UCL, the California *Labor Code*, including without limitation, California *Labor Code* Sections 226.7, 512, 558, 1194, 1197, 1197.1, and the applicable IWC Wage Orders.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) failing to provide accurate, itemized wage statements in violation of *Labor Code* § 226; (b) failing to pay minimum wages for all hours worked, in violation of Labor Code §§ 558, 1194, 1197, and 1197.1; (c) failing to provide off-duty meal and rest breaks in violation of *Labor Code* §§ 226.7 and 512; (d) failing to pay all earned wages to employees in violation of *Labor Code* §§ 558, 1174, 1194, 1198, 1199, and the applicable IWC Wage Orders; (e) failing to reimburse business expenses in violation of *Labor Code* § 2802; and (f) engaging in Unfair Business Practices in violation of the UCL, the California *Labor Code*, including without limitation, California *Labor Code* §§ 226.7, 512, 558, 1194, 1197, 1197.1, and the applicable IWC Wage Orders.

22. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Plaintiff was not provided proper and accurate itemized wage statements identifying all hours worked and payment for all minimum wages, as well as premium pay for missed meal and rest breaks. Plaintiff and members of the Class were not fully reimbursed for all expenses incurred on behalf of Defendant such as their use of cellular data to communicate with supervisors and take pictures of damaged products that needed to be reported. Plaintiff would receive calls on his personal cellphone by the delivery drivers and assisted them by unloading the products. Plaintiff and Class members were required to drive from the warehouse to another location located several miles away to attend their monthly company meetings without reimbursement of mileage.

23.     . As such, Plaintiff is a member of the Class and has suffered the alleged violations of California *Labor Code* §§ 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, and 2802, and the applicable IWC Wage Orders.

24.     The California *Labor Code* and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve as an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendant's vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real

and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, unpaid minimum wages, including interest thereon, unpaid meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California *Labor Code* §§ 201-203, 218.5, 226, 226.7, 512, 1174, 1194, 1197, 1197.1, 1198, and 2802, the applicable IWC Wage Orders and *Code of Civil Procedure* § 1021.5.

28. Proof of a common business practice or factual pattern, which the named PLAINTIFF experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

29. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

///

///

# FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF AND THE CLASS, AND ALL SUB-CLASSES AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

31. Defendant failed in its affirmative obligation to provide accurate itemized wage statements. Defendant, as a matter of policy and practice, did not provide accurate records in violation of *Labor Code* § 226 by failing to provide accurate payroll records for Plaintiff and the Class.

32. Here, Plaintiff and the Class were paid on a non-exempt hourly basis. As such, the wage statements should have reflected the number of hours worked and the applicable hourly rates, pursuant to *Labor Code* § 226(a)(9). However, the wage statements provided to Plaintiff and the Class failed to identify such information of the wages owed for premium pay for missed meal and rest periods and/or improper on-duty meal periods. The wage statements did not accurately reflect the gross and net wages earned and total hours worked in violation of *Labor Code* § 226(a)(1), (2) and (5).

33. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to *Labor Code* § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California *Labor Code* § 226.

# SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (AGAINST ALL DEFENDANTS BY ALL PLAINTIFF AND THE MEAL BREAK CLASS)

34. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

35. Defendant failed in its affirmative obligation to ensure that Plaintiff and Meal Break Class members had the opportunities to take and were provided with 30-minute duty-free meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Meal Break Sub-Class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their duty-free rest breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to *Labor Code* § 226.7 and the applicable IWC Wage Order. Defendant, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiff and the Meal Break Sub-Class members missed.

36. Plaintiff and Meal Break Sub-Class members regularly worked shifts longer than 5 hours and/or more than 10 hours in a workday and accordingly had a right to take a 30-minute meal period each day worked in any such shifts and a second 30-minute meal period for shifts longer than 10 hours. As a pattern and practice, Defendant regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law. This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper duty-free meal periods is a violation of California law.

37. Plaintiff is informed and believe and based thereon alleges that Defendant willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation required by *Labor Code* § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendant's willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to *Labor Code* § 203.

38. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members

identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to *Labor Code* § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201-204, 558, 1174, 1198, and 1199

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

39. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

40. This cause of action is brought pursuant to California *Labor Code* §§ 201-204, 558, 1174, 1194, 1198, and 1199, which require an employer to pay employees all earned regular and minimum wages.

41. At all relevant times herein, Defendants had a corporate policy, pattern, and practice of failing to pay all earned regular and minimum, wages to Plaintiff and Class Members.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay employees all regular and minimum wages pursuant to the California *Labor Code* and the applicable IWC Wage Orders, and that Plaintiff and Class Members are owed wages for the violations set forth above.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay Plaintiff and Class Members the wages due and owing to them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages are due. Therefore, Class Members who have separated from employment are entitled to compensation pursuant to *Labor Code* § 203.

44. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of wages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California *Labor Code* §§ 201-204, 218.5, 558, 1174, 1194, 1198, and 1199, and the IWC Wage Orders.

## FOURTH CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFF, THE CLASS, AGAINST ALL DEFENDANTS)

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

46. At all relevant times, Defendant failed in its affirmative obligation to ensure that Plaintiff and class members, had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their off-duty meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to *Labor Code* § 226.7 and the applicable IWC Wage Order. Defendant, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the Class Members missed.

47. At all relevant times, Plaintiff and Class Members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiff and Class Members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

48. As a pattern and practice, Defendant regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and other employees the right to take proper meal periods as required by law.

49. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to *Labor Code* §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

50. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium wages due and owing to Plaintiff and Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to *Labor Code* § 203.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226.7

## (BY PLAINTIFF, THE CLASS, AND THE REST PERIOD SUB-CLASS AGAINST ALL DEFENDANTS)

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

52. Plaintiff and other members of Class regularly worked shifts of three and one-half hours (3.5) hours or more per day and accordingly had a right to take a 10-minute rest period each day. Furthermore, Plaintiff and other members of Class who worked shifts of seven and one-half (7.5) hours or more per day had a right to take a second 10-minute rest period.

53. Defendants failed in their affirmative obligation to provide all of their employees, including Plaintiff and other members of Class, the opportunity to take rest periods in accordance with the mandates of the California *Labor Code* and the applicable IWC Wage Order. Plaintiff and other members of Class were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to *Labor Code* § 226.7.

54. As a pattern and practice, Defendants regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law.

55. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and other members of Class identified herein, in a civil action, for the unpaid balance of the unpaid premium

compensation pursuant to *Labor Code* § 226.7, including interest thereon, penalties and costs of suit.

56.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in *Labor Code* § 226.7 and that Plaintiff and those employees similarly situated are owed wages for the rest period violations set forth above.  Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of Class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of Class who have separated from employment are entitled to compensation pursuant to *Labor Code* § 203.

## SIXTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2802

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CLASS)

57.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

58.     This cause of action is brought pursuant to *Labor Code* § 2802, which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

59.     At all relevant times, Defendants regularly failed to reimburse and indemnify Plaintiff and the Class members for business expenses incurred in the discharge of their duties. Costs that Plaintiff and Class Members incurred in connection with these calls were not reimbursed.

60.     Defendant's failure to reimburse employees for their business expenses as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California *Labor Code* § 2802.

/ / /

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CLASS)

61. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set for herein.

62. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to pay for all hours worked, in violation of *Labor Code* §§ 558, 1194, and 1197.1; (b) failing to pay minimum wages for all hours worked in violation of *Labor Code* §§ 558, 1194, 1197, and 1197.1; (c) failing to provide off-duty meal and rest breaks in violation of *Labor Code* §§ 226.7 and 512; (d) failing to reimburse business expenses in violation of *Labor Code* § 2802; and (e) engaging in Unfair Business Practices in violation of the UCL, all in violation of the California *Labor Code* and applicable IWC Wage Orders.

63. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

64. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

65. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* § 17200, et seq., including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

/ / /

/ / /

# EIGHTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*

## (BY PLAINTIFFS AS PROXIES FOR THE STATE OF CALIFORNIA AGAINST ALL DEFENDANTS)

66. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

67. Plaintiff brings this cause of action as proxies for the State of California and in this capacity, seek penalties on behalf of all Aggrieved Employees for Defendant's violations of *Labor Code* §§ 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, from November 12, 2023, through the present, for (a) failing to pay minimum and regular wages for all hours worked, including without limitation, time that class members spent to check whether their scheduled shifts were modified or cancelled in violation of *Labor Code* §§ 558, 1194, and 1197.1; (b) failing to pay minimum and regular wages for all hours worked, including without limitation, time that class members spent maintaining and cleaning uniforms in violation of *Labor Code* §§ 558, 1194, 1197, and 1197.1; (c) failing to provide off-duty meal and rest breaks in violation of *Labor Code* §§ 226.7 and 512; (d) failing to pay proper reporting time wages in violation of *Labor Code* §§ 201-204, 558, 1174, 1194, 1198, and 1199 and the applicable Wage Order; (e) failing to reimburse business expenses in violation of *Labor Code* § 2802.

68. On or about April 30, 2024, Plaintiff sent written notice to the California Labor & Workforce Development Agency (the "LWDA") and Defendants via certified mail of Defendants' violations of Labor Code §§201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, pursuant to the PAGA. Plaintiff was provided a LWDA number of LWDA-CM-1025342-24. On April 30, 2024, Plaintiff sent written notice to the LWDA and Defendants via certified mail of their PAGA notice.

69. As of the date of this filing, the LWDA has not provided written notice regarding whether it intends to investigate the Labor Code violations set forth in Plaintiff's written notices. Therefore, Plaintiff may seek any and all applicable penalties under PAGA.

70. As such, pursuant to *Labor Code* § 2699(a), Plaintiffs seek recovery of any and

1 all applicable civil penalties for Defendants' violation of *Labor Code* §§ 201-204, 226, 226.7,
2 512, 558, 1174, 1194, 1197, 1197.1, 1198 for the time periods described above, as proxies for
3 the State of California and on behalf of other Aggrieved Employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others that this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representatives of the Class as described herein;

3. For an order appointing counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for damages or penalties pursuant to statute as set forth in California *Labor Code* § 226, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California *Labor Code* §§ 201-203, 558, 1197, and 1197.1, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for damages and/or penalties, and for costs and attorneys' fees, pursuant to California *Labor Code* §§ 201-204, 218.5, 558, 1174, 1194, 1198, and 1199;

7. Upon the Fourth Cause of Action, for damages and/or penalties pursuant to California *Labor Code* §§ 201-203, 226.7, 512, 558, and for costs;

8. Upon the Fifth Cause of Action, for damages and/or penalties pursuant to California *Labor Code* §§ 201-203, 226.7, 558, and for costs;

9. Upon the Sixth Cause of Action, for damages and/or penalties, costs and attorneys' fees pursuant to *Labor Code* § 2802;

10. Upon the Seventh Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of *Business and Professions Code* § 17200, *et seq.*, for the time periods described above;

11. Upon the Eighth Cause of Action, for civil penalties, costs and attorneys'

fees pursuant to *Labor Code* §§ 226.3 and 2699;

12. On all causes of action, for attorneys' fees and costs as provided by California *Labor Code* §§ 218.5, 226, 558, 1194, 1197.1, and *Code of Civil Procedure* § 1021.5; and

13. For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2025        **WORK LAWYERS PC,**

By: *Jarrod Y. Nakano*
Justin Lo
Jarrod Y. Nakano
Attorney for Plaintiff and the Class

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 22939 Hawthorne Blvd., Suite 300, Torrance, California 90505. On February 18, 2025, I served the foregoing document(s) described as: **FIRST AMENDED PAGA AND COMPLAINT** on the interested parties in this action as follows: by sending a true copy thereof, addressed as follows:

Sander van der Heide, State Bar No. 267618
svanderheide@cdflaborlaw.com
Tashayla Billington, State Bar No. 307050
tbillington@cdflaborlaw.com
CDF LABOR LAW LLP
900 University Avenue, Suite 200
Sacramento, CA 95825

Attorneys for Defendant HP HOOD LLC

☐ BY U.S MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. ..

☐ IN PERSON: I personally served the above-mentioned documents.

XX **(Electronic service)** Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above. For represented parties, I confirmed the appropriate electronic service address for the counsel being served. For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2025, at Torrance, California.

*Andrews Rodriguez*
Andrews Rodriguez

.1