UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RUBIO,<br>Plaintiff,<br>v.<br>HP HOOD, LLC,<br>Defendant. | No. 2:24-cv-3621 AC<br><br>ORDER |

This case is before the undersigned for all purposes pursuant to the parties' consent. ECF No. 8. Before the court is plaintiff's motion to file a Second Amended Complaint (ECF No. 24), and defendant's motion to continue the class certification schedule (ECF No. 31). The undersigned has reviewed the parties' positions and all relevant filings. For the reasons set forth below, plaintiff's motion to amend (ECF No. 24) is GRANTED. Because allowing the Second Amended Complaint to proceed likely alters the needs of the parties with respect to scheduling, defendant's request for a continuance of the class certification schedule (ECF No. 31) is also GRANTED and the current schedule for class certification is VACATED. The parties are ORDERED to submit a joint revised proposed schedule within 14 days of this order.

## I. BACKGROUND

This wage-and-hour action, brought partly pursuant to California's Private Attorney General's Act ("PAGA"), was removed from state court on December 19, 2024. ECF No. 1. The

parties stipulated to allow plaintiff to file an amended complaint on February 7, 2025 (ECF No. 10) and the First Amended Complaint was filed on February 18, 2025. ECF No. 13. The court set an initial date for plaintiff's motion for class certification to be due on January 22, 2026. ECF No. 18. The parties stipulated to continue the class certification motion date to May 22, 2026, with responsive briefing due July 23, 2026, and a hearing to be held on October 14, 2026. ECF Nos. 19, 20. On May 20, 2026, two days before the class certification motion was due, plaintiff filed the motion to amend the complaint at issue here. ECF No. 24. Plaintiff then filed a motion for class certification based on the proposed Second Amended Complaint. ECF No. 26.

Pursuant to the First Amended Complaint, plaintiff worked for defendant as an hourly, non-exempt warehouse clerk. ECF No. 13 at 3. On or about January 13, 2024, plaintiff's employment ended. Id. Plaintiff alleged that during his employment he subject to defendant's "failure to provide accurate, itemized wage statements, penalties and/or damages for failure to pay all minimum wages for hours worked, penalties and/or damages for failure to provide off duty meal and rest periods, failure to reimburse business expenses, penalties under California Labor Code statutes, and restitution for unfair business practices in violation of Business and Professions Code § 17200, et seq." ECF No. 13 at 2. Plaintiff brought eight causes of action under the Labor Code and the Business and Professions Code. In the First Amended Complaint plaintiff sought to "certify a class of all current and former non-exempt employees who worked for defendants at any time from August 30, 2022, to the filing of this complaint" also consisting of "the following additional class and subclasses: A. All current and former non-exempt employees who were paid "Nite Dif SM" and "Nite Dif SM" wages or were subjects to Defendants policies by Defendants at any time from four years prior to the filing of this complaint, through the present (the "Shift Differential Class")." ECF No. 13 at 5.

The proposed Second Amended Complaint, located at ECF No. 24-1, changed the class definition to include "a. All non-exempt employees California employees who were provided wage statements that did not identify the rate of pay and corresponding hours worked for certain hourly wages, including, but not limited to "Premium OT and Additional Pay", at any time from November 12, 2023, through the present ("Wage Statement Class"); and b. All non-exempt

California employees who were paid non-discretionary remuneration including, but not limited to, shift differential wages covering any period in which sick pay or PTO wages were paid to the employee by Defendant and whose employment ended, either voluntarily or involuntarily, at any time during the period of time from August 30, 2022, through the present ("Sick Pay Class")." ECF No. 24-1 at 10. The Second Amended Complaint brings three, rather than eight, causes of action: (1) "violation of Labor Code § 226 by failing to provide accurate payroll records for Plaintiff and the Class," (2) "violated Labor Code §246 by failing to pay sick pay at the regular rate of pay," and (3) "violations of Labor Code §§ 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, from November 12, 2023, through the present, for (a) failing to provide accurate wage statements; (b) failing to pay proper business reimbursement including the use of employees' personal vehicles and cell phones; (c) failing to provide proper meal and rest breaks; (d) failing to pay meal and rest break premium wages at the regular rate of pay; and (e) failing to pay waiting time penalties." Id. at 12-14.

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In assessing the propriety of a motion for leave to amend under Rule 15(a), a district court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment ...." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

"Not all of the [Foman] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

////

## III. ANALYSIS

Defendant opposes amendment, arguing (1) the amendment would be futile because (i) plaintiff's newly asserted sick pay claim and other claims are time barred and cannot relate back, (ii) plaintiff's sick-pay claim is preempted by the Labor Management Relations Act ("LMRA"), and (iii) plaintiff has not complied with the PAGA's prefiling requirements as to his new claims and it is too late to do so; (2) the amendment is unduly delayed because plaintiff had access to his own statement since early 2024, yet he only seeks to rely on it upon filing this motion; and (3) HP Hood would be unduly prejudiced, because it is deprived of the statutory opportunity to cure any newly asserted violations, the parties have already completed significant discovery tailored to the First Amended Complaint, and amendment would force new discovery, derailing a class-certification schedule that has already been continued. ECF No. 29 at 6.

### A. The Second Amended Complaint is Not Futile for Amendment Purposes

Having reviewed the Second Amendment Complaint and the parties' arguments, the court finds that allowing amendment is not futile. First, the defendant's argument regarding time-bar and relation back are not persuasive. Under Federal Rule of Civil Procedure 15(c)(1)(B), an amendment to a pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Under California law, "an amendment relates back to the original complaint when it (1) rests on the same general set of facts, (2) involves the same injury, and (3) refers to the same instrumentalities as the original complaint." Stoddart v. Express Servs., 2016 U.S. Dist. LEXIS 80737, at *7–8 (E.D. Cal. June 20, 2016) (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 408–09 (1999)).

Here, both the wage statement and the sick pay claims arise out of the same conduct, transactions, and occurrences set out in plaintiff's prior pleadings, which all center on defendant's payroll practices and the manner in which HP Hood calculated and reported wages to its non-exempt California employees. The proposed amendment does not introduce claims from an entirely different set of facts; it narrows the claims to those best supported by the discovery, using the same underlying employment relationship, pay codes, payroll data and wage statements that

were uncovered during pre-certification discovery documents that were produced. ECF No. 30 at 6.

Second, defendants' remaining arguments regarding preemption by the Labor Management Relation Act (LMRA) and the sufficiency of the PAGA notice are essentially substantive, and do not justify preventing amendment, which is liberally granted. ECF No. 29 at 13-14. "[T]he sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." Breier v. N. Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963); see Netbula v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182, 83 S.Ct. 227. The court will defer consideration of defendant's challenges to the merits of the proposed fourth amended class action complaint until after the amended pleading is filed. See Netbula, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Without making any rulings as to defendant's substantive arguments, the court declines to deny amendment on their basis.

B. Amendment is Not Unduly Delayed or Prejudicial to Defendant

Defendant contends that allowing amendment will cause prejudice and a duplication of efforts in this case, where significant pre-certification discovery has already occurred, and where the relevant information has been in plaintiff's hands for some time. The court is not persuaded. Indeed, amendment at this juncture, before defendant has responded to the motion for class certification and certainly before any class has been certified, is sufficiently early in a case of this type to avoid substantial prejudice. The fact that all prior extensions of time have been stipulated undermines defendant's argument that time is of the essence, as does the fact that defendant is the party asking for the current class certification deadline to be continued. Further, while this case has been pending for over a year and a half, the case is also relatively complex and, particularly in this overburdened district, the undersigned finds that this case is not moving at an unusually slow pace. Considering the stage and progress of this case, any prejudice to defendant is not

substantial enough to overcome the general leniency with which the court is required to apply to a request to amend the complaint. Accordingly, leave to amend will be granted.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion to amend (ECF No. 24) is GRANTED, and defendant's request for a continuance of the class certification schedule (ECF No. 31) is also GRANTED. The current schedule for class certification is VACATED. The parties are ORDERED to submit a revised proposed schedule within 14 days of this order.

IT IS SO ORDERED.

DATED: July 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE