UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RUBIO,<br>Plaintiff,<br>v.<br>HP HOOD, LLC,<br>Defendant. | No. 2:24-cv-3621 AC<br><br>ORDER |

This case is before the undersigned for all purposes pursuant to the parties' consent. ECF No. 8. Before the court is defendant's motion to dismiss plaintiff's Second Amended Complaint. ECF No. 37. Plaintiff opposes the motion. ECF No. 39. Defendant replied. ECF No. 40. Defendant submitted a request for judicial notice. ECF No. 38. This matter was before the court for oral argument on September 9, 2026. The parties were permitted to file supplemental briefing, which has been considered. ECF Nos. 43, 44. For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

## I. BACKGROUND

This wage-and-hour action, brought partly pursuant to California's Private Attorney General's Act ("PAGA"), was removed from state court on December 19, 2024. ECF No. 1. The parties stipulated on February 7, 2025, to allow plaintiff to file an amended complaint (ECF No. 10), and the First Amended Complaint was filed on February 18, 2025. ECF No. 13. The court set an initial deadline of January 22, 2026, for plaintiff's motion for class certification. ECF No.

18. The parties stipulated to continue that deadline to May 22, 2026, with responsive briefing due July 23, 2026, and a hearing to be held on October 14, 2026. ECF Nos. 19, 20. On May 20, 2026, two days before the class certification motion was due, plaintiff filed the motion to amend the complaint. ECF No. 24. Plaintiff then filed a motion for class certification based on the proposed Second Amended Complaint. ECF No. 26.

In the First Amended Complaint, plaintiff alleged he worked for defendant as an hourly, non-exempt warehouse clerk. ECF No. 13 at 3. On or about January 13, 2024, plaintiff's employment ended. Id. Plaintiff alleged that during his employment he was subjected to defendant's "failure to provide accurate, itemized wage statements, penalties and/or damages for failure to pay all minimum wages for hours worked, penalties and/or damages for failure to provide off duty meal and rest periods, failure to reimburse business expenses, penalties under California Labor Code statutes, and restitution for unfair business practices in violation of Business and Professions Code § 17200, et seq." ECF No. 13 at 2. Plaintiff brought eight causes of action under the Labor Code and the Business and Professions Code. In the First Amended Complaint plaintiff sought to "certify a class of all current and former non-exempt employees who worked for defendants at any time from August 30, 2022, to the filing of this complaint" also consisting of "the following additional class and subclasses: A. All current and former non-exempt employees who were paid 'Nite Dif SM' and 'Nite Dif SM' wages or were subjects to Defendants policies by Defendants at any time from four years prior to the filing of this complaint, through the present (the "Shift Differential Class")." ECF No. 13 at 5.

The undersigned granted plaintiff permission to file a Second Amended Complaint ("SAC") and vacated the class certification schedule. ECF No. 34. The operative SAC is located at ECF No. 36. The motion to certify class remains pending. The SAC changed the class definition to include "a. All non-exempt employees California employees who were provided wage statements that did not identify the rate of pay and corresponding hours worked for certain hourly wages, including, but not limited to 'Premium OT and Additional Pay', at any time from November 12, 2023, through the present ('Wage Statement Class'); and b. All non-exempt California employees who were paid non-discretionary remuneration including, but not limited to,

shift differential wages covering any period in which sick pay or PTO wages were paid to the employee by Defendant and whose employment ended, either voluntarily or involuntarily, at any time during the period of time from August 30, 2022, through the present ('Sick Pay Class')." ECF No. 35 at 5. The Second Amended Complaint brings three, rather than eight, causes of action: (1) "violation of Labor Code § 226 by failing to provide accurate payroll records for Plaintiff and the Class," (2) "violation of Labor Code §246 by failing to pay sick pay at the regular rate of pay," and (3) "violations of Labor Code §§ 201-204, 226, 226.7, 512, 558, 1174, 1194, 1197, 1197.1, 1198, from November 12, 2023, through the present, for (a) failing to provide accurate wage statements; (b) failing to pay proper business reimbursement including the use of employees' personal vehicles and cell phones; (c) failing to provide proper meal and rest breaks; (d) failing to pay meal and rest break premium wages at the regular rate of pay; and (e) failing to pay waiting time penalties." Id. at 7-11. Plaintiff's SAC asserts that he sent written notice to the Labor Workforce Development Agency (LWDA) and Defendant on April 30, 2024, detailing the alleged Labor Code violations for which he seeks civil penalties under PAGA ("PAGA Notice"). ECF No. 36 at ¶¶ 68-70.

Defendant now moves to dismiss the Second Amended Complaint. ECF No. 37. Defendant seeks (1) dismissal of the first cause of action as time barred, (2) dismissal of the second cause of action as completely preempted by the LMRA and for failure to timely exhaust the grievance procedure, and (3) dismissal of the third cause of action for failure to state facts and failure to timely exhaust PAGA notice requirements. ECF No. 37 at 2. Alternatively, as to the third cause of action, defendant moves under FRCP 12(f) to strike the following portions of the Second Amended Complaint: "(a) failing to provide accurate wage statements" (SAC ¶ 67 line 23); "(d) failing to pay meal and rest break premium wages at the regular rate of pay" (SAC ¶ 67 line 25-26); "(e) failing to pay waiting time penalties" (SAC ¶ 67 line 26); and Reference to the following Labor Code sections: "201-204, 226, 226.7, 1174, 1197, 1197.1, 1198" (SAC ¶ 67 line 22 and ¶ 70 line 9-10). Id.

Defendant submitted a request for judicial notice. ECF No. 38. The request asks the court to take notice of (1) the fact that the California minimum wage in effect for 2026 is $16.90 per

hour, as published by the California Department of Industrial Relations (See Cal. Dep't of Indus. Relations, Minimum Wage Order NW-2026; see also Cal. Lab. Code § 1182.12(c)); (2) the Teamsters Local 150 Collective Bargaining Agreement (effective September 1, 2019, through August 31, 2024); and (3) plaintiff's PAGA notice, referenced in the Second Amended Complaint. ECF No. 38 at 3-4. District courts within the Ninth Circuit routinely take judicial notice of collective bargaining agreements on a motion to dismiss, particularly where the agreement is central to the issue of preemption. See Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (taking judicial notice of a CBA and dismissing on LMRA preemption grounds). Courts routinely take judicial notice of PAGA notice letters that are referenced in the complaint and whose authenticity no party disputes. See, e.g., Crosby v. Wells Fargo Bank, N.A., 42 F. Supp. 3d 1343, 1345 (C.D. Cal. 2014). Further, a court may take judicial notice of information "made publicly available by government entities" where neither party disputes its authenticity or accuracy. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th Cir. 2010). The court accordingly granted the request for judicial notice at the motion hearing. ECF No. 42.

At oral argument, the undersigned raised the possibility of partially converting the motion from a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), as to the second cause of action only, in order to consider the affirmative defense of preemption. The parties were given an opportunity to brief the issue. ECF No. 42. Both parties filed briefing. ECF Nos. 43, 44. As explained below, having considered all of the arguments, the court concludes that partial conversion is the proper course of action.

## II. ANALYSIS: MOTION TO DISMISS

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

A. First Cause of Action: Wage Statement Class

Defendant contends that plaintiff's Labor Code § 226 wage statement claim is time-barred because it is based on a "non-derivative" theory of liability that does not relate back to the § 226 derivative claim in the prior pleadings. Section 226 of the Labor Code requires employers to keep accurate itemized pay statements setting forth gross wages, the actual number of hours and minutes worked, and all applicable hourly rates of pay. Cal. Lab. Code § 226(a). Defendant helpfully and concisely explains that "the fact that both types of section 226 claims may refer to the same document—the wage statement—does not mean they arise from the same operative

facts or depend on the same evidence. A derivative wage statement claim requires proof that the employer failed to pay underlying wages and therefore necessitates an inquiry into whether those wages were owed in the first instance. By contrast, a non-derivative wage statement claim turns solely on whether the wage statement itself contains the information required by section 226 and whether that information is accurate. These are fundamentally different factual inquiries supported by entirely different evidence." ECF No. 37-1 at 19.

In reviewing plaintiff's motion to amend, the undersigned previously found that the non-derivative § 226 claim relates back to the original complaint, and having fully reviewed the issue finds no reason to change course. Relation back is governed by Rule 15(c)(1), which directs the courts to apply "whichever affords the more permissive relation back standard" as between federal law and the law that supplies the limitations period. Butler v. Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1200-01 (9th Cir. 2014); Fed. R. Civ. P. 15(c)(1). Under both federal and California law, an amended claim relates back when it arises out of the same conduct, transaction, or occurrence, or the same general set of facts, as the original pleading. "The relation back doctrine of Rule 15(c) is liberally applied." ASARCO, LLC v. Union Pac. R.R., 765 F.3d 999, 1004 (9th Cir. 2014). Claims relate back where "the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice." Id. at 1005; see also Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008) (claims relate back where they "share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim").

Under California's more liberal doctrine, "[a]n amended complaint relates back to an earlier complaint if it is based on the same general set of facts, even if the plaintiff alleges a different legal theory or new cause of action," and "the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading." Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP, 195 Cal. App. 4th 265, 277 (2011). In fact, "it is the sameness of the facts rather than the rights or obligations arising from those facts that is determinative."" Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1200 (2008).

Plaintiff refers the court to Stoddart v. Express Servs., 2016 U.S. Dist. LEXIS 80737

(E.D. Cal. June 21, 2016), as persuasive authority. ECF No. 39 at 12. In Stoddart, the plaintiff originally alleged a § 226 wage statement claim premised on defendants' failure to include meal period violations on the wage statements — a derivative theory. Id. at *3-4. The plaintiff later amended to add an "inclusive Dates" wage statement theory — a distinct, non-derivative, stand-alone claim. Id. The defendant argued, exactly as HP Hood argues here, that the new non-derivative claim rested on different facts and could not relate back to the original derivative claim and that the statute of limitations precludes the amendment. The Stoddart court rejected that argument in full and found the claim related back. Id. Defendant argues that this case is not persuasive because it is unpublished, because the relation-back analysis is only high-level, and because in Stoddart the non-derivative §226 claim was added to the original claim, where here, the original claim has been dismissed. The court is unpersuaded by any of these arguments. While Stoddart is not controlling authority, the undesigned is persuaded by its reasoning, which is supported by the legal standard and logical underpinnings of Rule 15(c)(1). Again, the court finds that the non-derivative § 226 claim is not time barred because it relates back to the original complaint. The motion is denied on this point.

B. Third Cause of Action: PAGA Claim

The SAC asserts a PAGA claim based on: "(a) failing to provide accurate wage statements; (b) failing to pay proper business reimbursement including the use of employees' personal vehicles and cell phones; (c) failing to provide proper meal and rest breaks; (d) failing to pay meal and rest break premium wages at the regular rate of pay; and (e) failing to pay waiting time penalties." ECF No. 35 at 9-10.

1. Failure to State a Claim

Defendant argues that the SAC pleads no facts supporting plaintiff's PAGA claims for (i) expense-reimbursement, (ii) meal-and-rest-break theories, and (iii) waiting-time theories, and accordingly, the claims fail under Federal Rule of Civil Procedure 8(a)(2). ECF No. 37-1 at 20-21. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff argues the SAC is sufficient. For example, the SAC alleges the specific expenses at issue for the reimbursement

claim: "the use of employees' personal vehicles and cell phones." ECF No. 35 at ¶ 67. Further, the SAC alleges that these violations flowed from defendant's "system of willful violations of the California Labor Code" implemented through uniform "policies, practices and customs." Id. at ¶¶ 3, 19. Plaintiff asserts that the allegations of a uniform corporate policy, taken as true and construed in plaintiff's favor, are sufficient to place the defendant on notice of the claims and their grounds. ECF No. 39 at 9-10.

The undersigned agrees with defendant that, as drafted, the PAGA claims are insufficiently alleged. The SAC simply does not plead any concrete facts supporting the reimbursement, meal-and-rest-break, or waiting-time theories that the PAGA cause of action purports to incorporate. Specifically, the expense-reimbursement theory appears only twice in the SAC, and each time only as a legal conclusion. ECF No. 35 at ¶ 3 ("fail[ed] to reimburse business expenses as to Plaintiff" and ¶ 67 "failing to pay proper business reimbursement including the use of employees' personal vehicles and cell phones."). No other fact is alleged elsewhere in the SAC. The meal and rest break theories likewise appear only twice, and again only as legal conclusions. ECF No. 36 at ¶ 3 ("failing to provide compliant meal and rest breaks") and ¶ 67 ("failing to provide proper meal and rest breaks" and "failing to pay meal and rest break premium wages at the regular rate of pay"). Finally, the waiting-time theory is referenced only twice, and each reference is a bare legal conclusion. ECF No. 35 at ¶ 38 ("Defendant[] … owe[s] waiting time penalties pursuant to Labor Code § 203" and "Plaintiff[] and Class Members whose employment has separated are entitled to waiting time penalties pursuant to Labor Code §§ 201-203") and ¶ 67 ("failing to pay waiting time penalties.")).

While plaintiff is correct that detailed allegations are not required, he must do more than recite statutory language. Simply alleging that a uniform practice exists is not enough. Accordingly, the undersigned finds these PAGA claims must be dismissed, but that plaintiff should be given an opportunity to amend to include necessary factual allegations.

2. Failure To Exhaust PAGA's Pre-Filing Notice Requirements

Plaintiff concedes that his new theories for unpaid sick pay at the regular rate of pay and stand-alone violation of Labor Code §226 are not subject to PAGA penalties being imposed

because he did not exhaust those theories within the one-year statute of limitations. ECF No. 39 at 10-11. Accordingly, the motion is granted on this point.

## III. ANALYSIS: MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standards

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates similarly to a motion to dismiss under Rule 12(b)(6). Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989). In addition to considering the allegations of the complaint, like a motion under Rule 12(b)(6) the court may also take into account materials to which it can take judicial notice. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 (9th Cir. 1999). "When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." Edgenet, Inc. v. Home Depot U.S.A., Inc., 658 F.3d 662, 665 (7th Cir. 2011).

### B. Second Cause of Action: Sick Pay Class Preemption by LMRA

Defendant asserts that plaintiff's Sick Pay class claims for violation of the California Labor Code are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"). Under § 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Supreme Court has explained that this section constitutes a broad federal mandate, and that the "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983).

The Ninth Circuit applies the two-step "Burnside test" to determine whether § 301 of the LMRA preempts a particular state-law claim. Burnside v. Kiewit Pacific Corp., 491 F.3d 1053,

1059-60 (9th Cir. 2007). First, the court asks whether the claimed right exists independently under state law or arises solely from a collective bargaining agreement ("CBA"). Id. at 1060. If the right arises solely from the CBA, the claim is preempted. Id. If the right exists independently, the court asks whether resolving the claim requires interpreting the CBA rather than merely referencing it. Id. A claim requiring interpretation is preempted; a claim requiring only reference to the CBA is not. Id.

Defendant asserts that plaintiff's right to paid sick leave arises from the Teamsters Local 150 CBA, not from California Labor Code section 246, and accordingly his paid sick leave claim is completely preempted. ECF No. 37-1 at 10. California's Paid Sick Leave law does not apply to employees "covered by a valid collective bargaining agreement if the agreement expressly provides for [1] the wages, hours of work, and working conditions of employees, and expressly provides for [2] paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees, [3] final and binding arbitration of disputes concerning the application of its paid sick days provisions, [4] premium wage rates for all overtime hours worked, and [5] regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Labor Code 245.5(a)(1). When a CBA meets all five statutory criteria under § 245.5, the employee's sick leave right exists solely as a result of the CBA, satisfying step one of the Burnside test and resulting in complete preemption. See Shanley v. Tracy Logistics LLC, 756 F.Supp.3d 820 (E.D. Cal. 2024) (denying motion to remand, holding that alleged paid sick leave violations were based on CBA and subject to LMRA preemption.)

Plaintiff does not dispute that he is covered by the CBA which is subject to judicial notice here. ECF No. 39 at 3. Instead, he argues that the recent Ninth Circuit case Renteria-Hinojosa v. Sunsweet Growers, Inc., 150 F.4th 1076 (9th Cir. 2025), establishes that a claim under Labor Code section 246 that the employer "failed to pay employees at the sick pay rate required by California Labor Code § 246" is not preempted by the LMRA. Id. at 1090-91. Defendant counters this, arguing that Renteria-Hinojosa was not decided under Labor Code § 245.5, and the opinion does not mention § 245.5 anywhere, much less analyze, interpret, or decide whether complete preemption applies under it. ECF No. 40 at 8. The undersigned agrees with defendant.

While Renteria-Hinojosa is in many ways factually similar to the case at bar, that case did not consider the primary question here: whether § 245.5 removes the application of California's Labor Code § 246 to those covered by the applicable CBA. Here, the only element of the conjunctive test under § 245.5 that plaintiff disputes is whether the CBA provides for "final and binding arbitration of disputes concerning the application of its paid sick days provisions." ECF No. 39 at 5. Plaintiff argues that under the Teamsters CBA's grievance procedure, if a grievance is not resolved at earlier steps it is submitted to an "Arbitration Board composed of two representatives selected by the Employer and two representatives selected by the Union," and "[a] majority vote of the Arbitration Board shall dispose of the grievance and shall be final and binding on the parties." Request for Judicial Notice, Ex. 1 [Teamsters Local 150 CBA], Art. 38. Only "[i]f the Arbitration Board is unable to issue a majority decision" and issues "a written statement that it is deadlocked" may the grieving party then submit the matter to a neutral arbitrator. Id. Plaintiff contends that a joint labor-management panel evenly divided between employer and union representatives, whose majority decision resolves the grievance and forecloses any neutral arbitrator, is not the "final and binding arbitration" that § 245.5 contemplates because the employer controls half of the votes and neutral arbitration is available only upon a deadlock that may never occur. ECF No. 38 at 5-6; ECF No. 43.

The court agrees with defendant that plaintiff is attempting to re-write the statute, which requires that arbitration be "final and binding" and contains no other specific requirements. In the case of the CBA at issue, a final and binding decision in arbitration may be rendered either by a panel or, if the panel deadlocks, a neutral arbitrator. If a deadlock does not occur and the matter never reaches a single arbitrator, then the arbitration was successful at an earlier step. Whether arbitration concludes at the panel stage or proceeds to a neutral arbitrator, the result is a final and binding decision. Accordingly, the CBA at issue in this case meets all five criteria of § 245.5.

When a CBA comes within the scope of § 245.5, then § 246 does not apply and the employee's sick leave right exists solely as a result of the CBA. This results in complete preemption at step one of the Burnside test. See Shanley v. Tracy Logistics LLC, 756 F.Supp.3d 820 (E.D. Cal. 2024) (denying motion to remand, holding that alleged paid sick leave violations

were based on CBA and subject to LMRA preemption). Plaintiff's claims related to Sick Pay are accordingly preempted, and can only be asserted in the process established by the CBA.

C. Plaintiff Failed to Exhaust Administrative Remedies Under the CBA

Before an employee may sue to vindicate rights under a CBA, "members of a collective bargaining unit must first exhaust contractual grievance procedures," and "[f]ailure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court." Carr v. Pac. Mar. Ass'n, 904 F.2d 1313, 1317 (9th Cir. 1990) (affirming dismissal); see also Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 989 (9th Cir. 2007) (granting summary judgement to defendant under section 301 for plaintiff's failure to exhaust exclusive contractual remedies under the CBA). District courts in this Circuit consistently apply the rule at the pleading stage, dismissing claims where the plaintiff has not alleged exhaustion. See e.g., Mellon v. Universal City Studios, LLC, 625 F. Supp. 3d 1007, 1017-18 (C.D. Cal. 2022) (granting dismissal where employee "ha[d] not alleged that he exhausted his contractual remedies"); Hall v. Live Nation Worldwide, Inc., 146 F. Supp. 3d 1187, 1206 (C.D. Cal. 2015) (same); Billingsley v. MV Transportation, Inc., 242 F. Supp. 3d 1011, 1020-1021 (E.D. Cal. 2017) (motion to dismiss granted with leave to amend to plead grievance exhaustion to the extent such facts exist).

Here, because the CBA establishes a mandatory grievance and arbitration procedure for resolving "all disputes arising out of the interpretation and/or application of express terms" of the CBAs (RJN Ex. 1 [2019-2024 Teamsters Local 150 CBA], Article 38, Section 2, p 29), plaintiff was required to exhaust the grievance procedures before pursuing litigation. Plaintiff does not dispute that he did not exhaust his grievance procedures; he asserts only that he was not required to because his claim was not preempted. ECF No. 39 at 6. Having found that the claim *is* preempted, this argument cannot succeed. Accordingly, the motion is granted as to the sick pay class claims because they are preempted and because plaintiff did not exhaust his administrative remedies.

////

////

## IV. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (ECF No. 37) is GRANTED IN PART AND DENIED IN PART as follows:

1. GRANTED as to plaintiff's Second Cause of Action (Sick Pay Class) and Third Cause of Action (PAGA Claims);

2. DENIED as to plaintiff's First Cause of Action (Wage Statement Class);

3. Plaintiff may, at his discretion and within 30 days, file a Third Amended Complaint, including only the Wage Statement Class claims and the PAGA claims for (i) expense-reimbursement, (ii) meal-and-rest-break theories, and (iii) waiting-time;

4. Because the motion to dismiss is granted in part, plaintiff's motion to certify class (ECF No. 26) is DENIED as MOOT; and

5. The parties are ORDERED to meet and confer and, within 45 days of this order, submit a joint proposed schedule for a class certification motion related to any Third Amended Complaint or, if no Third Amended Complaint is filed, the Second Amended Complaint as narrowed by this order (First Cause of Action only).

IT IS SO ORDERED.

DATED: October 13, 2026

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE